UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————————

DAVID MONGIELO,

                        Plaintiff,        **No. 1:16-cv-00891(MAT)**
                                                **DECISION AND ORDER**
        -vs-

PETER SMITH, SOUTH LOCKPORT FIRE
COMPANY, INC., and MARC R. SMITH,

                        Defendants.
———————————————————————————

**INTRODUCTION**

Represented by counsel, David Mongielo ("Plaintiff") instituted this action pursuant to 42 U.S.C. § 1983 alleging that the named defendants retaliated against him for exercising his First Amendment rights. Peter Smith and the South Lockport Fire Company, Inc., and Marc R. Smith, respectively have filed Motions to Dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the motions are denied.

**FACTUAL BACKGROUND**

Because the matter is at the motion to dismiss stage, the following factual summary presumes the truth of the allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Prior to November 5, 2013, Plaintiff was an active member of the South Lockport Fire Company, Inc. ("the Fire Company"). On or

about November 5, 2013, he wrote and published a local "newspaper," "the Lockport Community News," that contained several articles "critical" of the Lockport Town Board generally, and Marc R. Smith ("Marc Smith"), a member of the Lockport Town Board, in particular. At the time of publication, Plaintiff was the Conservative Party candidate in the upcoming election for Lockport Town Supervisor, and was running against Marc Smith. One article accused "top town officials," including Marc Smith, of "ballot manipulation." In the same newspaper, Plaintiff placed an advertisement for a December 8, 2013 fund raiser to benefit the Fire Company.

After the newspaper was published, Peter Smith of the Fire Company sent a text to Plaintiff stating as follows:

> I hate to do this but I feel I need to suspend u [sic] until Friday when we have a special ex meeting. I ts [sic] over the articles/ad in the community news. Judt [sic] got off the phone with marc smith and his council is all over this. If we don't act I'm afraid the situtison [sic] will only worsen. So for now please stay away per your suspension. We will discuss it further on Friday.

(Complaint ("Compl") (Dkt #1), ¶ 18). Peter Smith informed Plaintiff that Marc Smith was threatening to withdraw Town funding from the Fire Company. Plaintiffs states that as a result of this alleged threat by Marc Smith, he resigned from the Fire Company "under duress." (Id. ¶ 19). According to Plaintiff, his resignation was "ineffective" under the Fire Company's bylaws. (Id. ¶ 20). Plaintiff also alleges that he was never reinstated, and his requests for reinstatement were ignored by the Fire Company.

According to Plaintiff, his suspension, and de facto termination, were done in retaliation for the exercise of his First Amendment right to free speech.

## RULE 12(b)(6) STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although a complaint need not provide "detailed factual allegations," it nevertheless must assert "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action" will not suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The plaintiff must plead facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (citations omitted). For its part, the court must accept, as true, all factual allegations in the complaint, and must draw all reasonable inferences in favor of the nonmovant. ATSI Communications, Inc. v. The Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

**II. Retaliation under the First Amendment**

"To state a § 1983 claim, a plaintiff must establish that the defendant deprived him of a federal or constitutional right while acting under the color of state law." Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 272 (2d Cir. 2011) (citing Haywood v. Drown, 556 U.S. 729, 129 S. Ct. 2108, 2111 (2009)). "There is no question," the Supreme Court has said, "that speech critical of the exercise of the State's power lies at the very center of the First Amendment." Gentile v. State Bar of Nev., 501 U.S. 1030, 1034 (1991). As a result, "a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights guaranteed" by the First Amendment. Friedl v. City of N.Y., 210 F.3d 79, 86–87 (2d Cir. 2000); see also Velez v. Levy, 401 F.3d 75, 97 (2d Cir. 2005). To state a claim for First Amendment retaliation, a plaintiff must plausibly allege that "'(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech.'" Matthews v. City of N.Y., 779 F.3d 167, 172 (2d Cir. 2015) (quotation omitted).

**DISCUSSION**

**I. The Motion to Dismiss by Marc Smith**

Marc Smith first argues that Plaintiff has failed to plausibly allege that he exercised a right protected by the First Amendment,

not because Plaintiff did not engage in protected speech, but because Plaintiff has not provided sufficient information describing what the offending newspaper articles said about Marc Smith in particular. The Court disagrees. The Complaint alleges that one of the articles published by Plaintiff "accused 'top town officials', including Marc Smith of 'ballot manipulation.'" (Compl., ¶ 16).

Second, Marc Smith argues, Plaintiff has relied on conclusory assertions of a retaliatory motive which are insufficient to allege a causal link. According to Marc Smith, the description of the phone call between himself and Peter Smith referencing Marc Smith's alleged "threat" to withdraw funding from the Fire Company is too vague and conclusory, because Plaintiff fails to allege that Marc Smith was motivated by, let alone knew of, the "critical" newspaper articles. As noted above, Peter Smith informed Plaintiff that "the need to suspend" him was "over the articles/ad in the community news." Peter Smith said he had "[j]u[s]t got off the phone with [M]arc [S]mith and his council is all over this." Even without drawing all inferences in Plaintiff's favor, as it is required to due, the Court finds that the only reasonable inference to be drawn from Peter Smith's text is that Marc Smith was aware of Plaintiff's newspaper article and that his threat to withdraw funding, and hence Peter Smith's suspension of Plaintiff, was directly due to the "articles/ad in the community news" published by Plaintiff.

Third, Marc Smith argues, Plaintiff has failed to set forth any allegations of retaliatory conduct because it was not Marc Smith who suspended or terminated him; rather, those actions were taken by the Fire Company. Marc Smith argues he does not have the legal authority to unilaterally withdraw funding on the part of the Town Board, which must pass a resolution. Furthermore, while Marc Smith contends that he cannot act unilaterally, Plaintiff has alleged that at least one individual, Peter Smith, viewed the Town Board as inextricably intertwined with Marc Smith. As noted above, the Court must draw all reasonable inferences in Plaintiff's favor. The legal relationship between the Fire Company, Marc Smith, and the Town Board may ultimately foreclose Plaintiff's claim against Marc Smith, but at this stage, the Complaint is sufficiently pled.

Marc Smith also contends that the Town had a contract with the Fire Company, and Marc Smith cannot change the contract on his own since only the Town Board can approve contracts. Marc Smith asserts that the Town Board would not legally be allowed to withhold funding because they would be in violation of their contract with the Fire Company. The alleged contract between the Town and the Fire Company relies on matters outside the four corners of the Complaint and is not relevant to this Court's Rule 12(b)(6) analysis.

## II. Peter Smith and the Fire Company

Peter Smith and the Fire Company ("the FC Defendants") argue that Plaintiff's speech was not constitutionally protected because he was speaking in his official capacity as a volunteer firefighter promoting a fundraiser for the Fire Company, a non-profit corporation which is prohibited from endorsing a political candidate.

As an initial matter, the FC Defendants assume that Plaintiff is a governmental employee, which alters the level of protection to which his speech may be entitled. See, e.g., Wallace v. Suffolk Cty. Police Dep't, 396 F. Supp. 2d 251, 257 (E.D.N.Y. 2005) ("It is well established that a 'governmental employer may impose certain restraints on the speech of its employees, restraints that would be unconstitutional if applied to the general public.'") (quoting City of San Diego v. Roe, 543 U.S. 77, 125 S. Ct. 521, 523 (2004)). However, it appears to be an open question in this Circuit as to whether a volunteer firefighter is a governmental employee. See Monz v. Rocky Point Fire Dist., 519 F. App'x 724, 726 (2d Cir. 2013) (unpublished opn.) ("The district court and the parties operated under the belief that the commissioners' refusal to reinstate Monz as a volunteer firefighter qualified as an adverse employment action. Thus, the parties did not argue the issue below or brief the issue on appeal. We assume, without deciding, that a volunteer position is a government benefit for purposes of a First

Amendment retaliation claim. . . . But we note the existence of a recent decision from the New York Court of Appeals that may counsel otherwise. M.G.M. Insulation, Inc. v. Gardner, 20 N.Y.3d 469, 962 N.Y.S.2d 600, 985 N.E.2d 911 (2013). In M.G.M., the New York Court determined that a volunteer fire corporation is not a specified public entity within the meaning of the prevailing wage requirement of Labor Law § 220. Id.") (internal citation omitted). At this early stage of the proceeding, the Court declines to delve into this issue.

The FC Defendants further argue that Plaintiff was speaking in his official capacity as a volunteer firefighter promoting a fundraiser for the Fire Company, and that the fundraiser advertisement published by Plaintiff on behalf of the Fire Company was not a matter of public concern. That Plaintiff was speaking in his official capacity when he published the newspaper is merely their own unsupported assumption, which in fact is contradicted by the manner in which his newspaper is they characterized elsewhere in their brief.[1]

Moreover, while advertisement for the Fire Company fundraiser may not be a matter of public concern, this argument oversimplifies Plaintiff's allegations. Speech is not exempted from First

---

[1] The FC Defendants note that "Mr. Mongielo's 'newspaper' is four pages in total, one entire page of which is his advertisement on behalf of the Fire Company for an upcoming fund raiser. Two of the four pages are articles regarding his candidacy for public office. We therefore dispute Plaintiffs characterization of what is essentially a political flyer as a 'newspaper.'"

Amendment protection simply because a portion of it relates to matters of private, versus public, concern. See, e.g., Wallace v. Suffolk Cty. Police Dep't, 396 F. Supp.2d at 258 ("Defendants contend that the personal nature of Plaintiff's complaints precludes a finding that Plaintiff's speech pertained to matters of public concern. . . . While portions of Plaintiff's speech relate to experiences unique to Plaintiff, much of the speech concerned matters of great importance to the general public."). Here, the record thus far indicates that the majority of the publication in question pertained to Plaintiff's criticism of local governmental officials. "'[D]iscussion regarding current government policies and activities is perhaps the paradigmatic matter of public concern.'" Johnson v. Ganim, 342 F.3d 105, 112–13 (2d Cir. 2003) (quoting Harman v. City of N.Y., 140 F.3d 111, 118 (2d Cir. 1998) (internal quotations and citations omitted in original; brackets in original); citing, inter alia, Glass v. Dachel, 2 F.3d 733, 741 (7th Cir. 1993) ("[M]atters of public concern do include speech aimed at uncovering wrongdoing or breaches of public trust.")).

The FC Defendants contend that even if Plaintiff was speaking as a private citizen on a matter of public concern, the Fire Company's interest in maintaining its tax-exempt status outweighs Plaintiff's interest in combining his political speech with speech

that appears to issue directly from the Fire Company.[2] However, the tax-status rationale was not explicitly or implicitly referenced by Peter Smith as a basis for suspending Plaintiff. This argument relies on matters outside the Complaint and is premature.

The FC Defendants also argue that Plaintiff's claim fails because he was a public employee and the Fire Company is a public entity; therefore, Plaintiff's suspension from the Fire Company was not protected by the First Amendment. As noted above, this argument relates to an unsettled question of law that is not properly resolved on a pre-answer motion to dismiss.

Finally, Peter Smith argues that he is entitled to qualified immunity, a doctrine which shields government officials from civil liability resulting from the performance of their discretionary functions, but only where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "[A]lthough 'a qualified immunity defense may be advanced on a 12(b)(6) motion, it faces a "formidable hurdle" when advanced at such an early stage in the proceedings.'" Wallace, 396

---

[2] The FC Defendants rely on Pickering v. Board of Education, 391 U.S. 563, 568 (1969), in support of this argument. "Under the Pickering test, a government employer may fire an employee for speaking on a matter of public concern if '(1) the employer's prediction of disruption is reasonable; (2) the potential disruptiveness is enough to outweigh the value of the speech; and (3) the employer took action against the employee based on this disruption and not in retaliation for the speech.'" Locurto v. Safir, 264 F.3d 154, 166 (2d Cir. 2001) (quoting Jeffries v. Harleston, 52 F.3d 9, 13 (2d Cir. 1995)).

F. Supp.2d at 265 (quoting The Cathedral Church of the Intercessor v. The Incorporated Village of Malverne, 353 F. Supp.2d 375, 391 (E.D.N.Y. 2005) (quoting McKenna v. Wright, 386 F.3d 432, 434 (2d Cir. 2004))).

To establish entitlement to qualified immunity, Peter Smith must demonstrate that either (1) his actions did not violate Plaintiff's "clearly established" First Amendment rights, or (2) it was objectively reasonable for him to believe his actions did not violate Plaintiff's "clearly established" First Amendment rights. Salim v. Proulx, 93 F.3d 86, 89 (2d Cir. 1996) (citations omitted). In contrast to a motion for summary judgment where the movant may submit affidavits in furtherance of qualified immunity, in the context of a Rule 12(b)(6) motion, the defense must appear on the face of the complaint. McKenna, 386 F.3d at 436 (citations omitted). "Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." Id. The FC Defendants cannot meet this "stringent standard applicable to this procedural route." Id. Indeed, Peter Smith implicitly acknowledges that the defense of qualified immunity does not appear on the face of Complaint, since he urges the Court to take "judicial notice" of the Fire Company's tax-exempt status, which is critical to his argument. At this juncture, the Court finds that availability of qualified immunity cannot be determined as a matter of law.

**CONCLUSION**

For the foregoing reasons, the Court **denies** the Motion to Dismiss by Peter Smith and the South Lockport Fire Company, Inc. (Dkt ##8 & 11), and **denies** the Motion to Dismiss by Marc R. Smith (Dkt #12). The named defendants are ordered to file Answers to the Complaint within twenty (20) days of the date of entry of this Decision and Order.

**SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:    May 16, 2017
          Rochester, New York.